## TERRITORY OF HAWAII *v.* M. ABREU.

APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED APRIL 3, 1901.        DECIDED MAY 27, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

If the prosecution undertakes, in charging an offense, to recite the statute or section thereof in violation of which the offense is committed and makes the recital incorrect, such mis-recital is a fatal defect, at least in a case where, if the portion of the charge referring to the statute is stricken out, a sufficient and direct statement of an offense does not remain.

OPINION OF THE COURT BY PERRY, J.

In the District Court of Honolulu the following charge was entered against the defendant: "Violating Section 3, Act 34, Session Laws of 1898, in Honolulu, Oahu, December 26, 1900, by selling a certain article of food, to-wit, milk, which has been substituted in part with a cheaper substance, to-wit, water." To this charge the defendant demurred, on the ground that the same does not "state facts sufficient to constitute any crime or offense against any law of the Territory of Hawaii, and particularly not against Section 3 of Act 34 of the Session Laws of 1898." The demurrer was overruled and the defendant tried, convicted and sentenced. The case comes to this Court on

defendant's appeal on points of law, only one of which points, however, need be here stated and considered, to-wit: "That the complaint and charge, made and entered herein against defendant, do not state facts sufficient to constitute any crime or offense against any law of the Territory of Hawaii, and particularly not against Section 3 of Act 34 of the Session Laws of 1898."

Section 3 of Act 34 of the Laws of 1898, merely defines the term "adulterated" as used in the Act. It does not describe any offense or prohibit the commission thereof or prescribe any penalty for such commission. The description of the offense of selling adulterated drugs or articles of food and the statement of the penalty therefor are contained in other sections of the Act. In some instances, matter unnecessarily alleged may be regarded as surplusage; but in this case, in view of the form of the charge, we are of the opinion that the reference to the particular section of the statute cannot be so regarded and that the mis-recital is fatal. See 1 Bishop's New Crim. Procedure, Sec. 608; 20 Encycl. Pl. & Pr., 602, and Gould's Pleading, Sec. 171. The form used makes the violation of the particular section the substantive portion of the charge, the second portion beginning with the word "by" merely stating how the section was violated. The acts complained of are not set forth positively and directly, and if the reference to the section and statute were stricken out, no sufficient charge would remain.

The appeal is sustained and the defendant discharged.

*J. W. Cathcart, Deputy Attorney-General,* for the prosecution

*I. M. Long* for the defendant.

P. D. KELLETT, Jr., Guardian of the Property of C. Lundahl,
an insane person, *v.* SAMUEL M. DAMON, HENRY E.
WAITY and S. E. DAMON, carrying on business together
in copartnership under the firm name or style of BISHOP
& COMPANY, and AUGUSTA JOHANSEN.

ORIGINAL.

SUBMITTED APRIL 3, 1901.        DECIDED JUNE 3, 1901.

FREAR, C.J., AND PERRY, J.

The payee of a bank-draft which has not been delivered but withheld
and revoked, acquires no title to or interest in such draft.

OPINION OF THE COURT BY PERRY, J.

This is a submission of a case without action. The statement
of agreed facts, so far as it is material to be here set forth, is as
follows:

"That on January 17th, 1901, the said C. Lundahl" (who
was on February 12, 1901, adjudged to be an insane person,
and of whose property the plaintiff is the duly appointed guard-
ian) "in writing requested from said Bishop & Company a draft
on the Bank of California, San Francisco, California, U. S. A.,
for the sum of One Thousand Dollars ($1,000.) in favor of
Augusta Johansen, one of the defendants herein.

"That on said January 17th, 1901, said C. Lundahl deposited
with said Bishop & Company as payment for the said draft, the
sum of One Thousand Dollars and also the exchange on said
draft.

"That pursuant to said request said C. Lundahl on said Jan-

uary 17th, 1901, received from said Bishop & Company a draft in words and figures as follows:

Banking House of Bishop & Co.

U. S. War Stamp 2¢.                    Established 1858.
$1,000.00.                                                No. 87135.

Honolulu, H. I., Jan. 17, 1901.

(Duplicate unpaid.)    Pay to the order of Miss Augusta Johansen One Thousand Dollars no-100 Dollars.

pp. Bishop & Co.,

To the Bank of California,                                Chas. Bon.

San Francisco, Cal.

*Robertson & Wilder* for plaintiff.

*Holmes & Stanley* and *L. A. Dickey* for Augusta Johansen.